**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DALE ROBERT JAVINO,

     Plaintiff,

v.                                  Case No. 8:26-cv-1235-TPB-SPF

U.S. BANK NATIONAL ASSOCIATION,
et al.,

     Defendants.

_____/

**<u>ORDER DENYING PLAINTIFF'S "EMERGENCY MOTION FOR ORDER TO
SHOW CAUSE, TEMPORARY RESTRAINING ORDER, PRELIMINARY
INJUNCTION, AND STAY OF EVICTION"</u>**

This matter is before the Court on Plaintiff's "Emergency Motion for Order to

Show Cause, Temporary Restraining Order, Preliminary Injunction, and Stay of

Eviction," filed *pro se* on May 12, 2026.  (Doc. 4).  After reviewing the motion, court

file, and the record, the Court finds as follows:

**<u>Background</u>**

Although the allegations in the complaint and motion are not entirely clear, this

dispute appears to arise from an alleged "fraudulent" foreclosure proceeding resulting

in a judgment of foreclosure on a mortgage on Plaintiff's residential property in New

York state.  On April 28, 2026, Plaintiff filed his complaint in this case asserting

common law fraud and civil RICO claims against Defendant U.S. Bank National

Association and others, alleging in essence, that Defendants made false

misrepresentations to the state court in the course of the foreclosure proceedings.

Plaintiff moves for a temporary restraining order and preliminary injunction without notice to Defendants.  Specifically, Plaintiff requests: (1) a temporary restraining order immediately staying and enjoining the actions to enforce the foreclosure judgment, including any warrant of eviction or transfer of possession of Plaintiff's residence; (2) an order directing Defendants to appear and show cause as to why a preliminary injunction should not be entered; and (3) an order requiring proof establishing lawful ownership of the mortgage at the time foreclosure commenced.

## Legal Standard

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in *very limited* emergency circumstances.  *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01.  A motion seeking a temporary restraining order must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical.

To obtain either a temporary restraining order or a preliminary injunction, a movant must also establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 16 (2020).  "A preliminary injunction is an extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to

clearly stablish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

## Analysis

Plaintiff has failed to meet his burden for the issuance of a temporary restraining order in this case.

Most importantly, Plaintiff has failed to plead or demonstrate that irreparable injury is so imminent that notice to Defendants and a hearing on the motion for a temporary restraining order is impractical. In his motion, Plaintiff alleges generally that he faces "imminent" eviction from his New York residence. But Plaintiff has not presented any evidence as to when the eviction is to occur and therefore fails to show that the situation constitutes an emergency sufficient to justify the issuance of a temporary restraining order without giving Defendants an opportunity to respond.[1] Plaintiff also does not detail any efforts made to give notice of the TRO motion to Defendants. Absent a showing of an emergency, the Court is not able to address Plaintiff's allegations without input from Defendants. Plaintiff also has not tendered or offered to tender any amount of security, and he has not shown that he would be entitled to a waiver of the security requirement. *See* Fed. R. Civ. P. 65(c) ("The court

---

[1] While eviction, in some circumstances, may constitute irreparable harm, the evidence presented here establishes that Plaintiff will not suffer irreparable harm because he will not be homeless if evicted – Plaintiff alleges that he owns a second residence in Pinellas County, Florida. *See Cano v. 245 C&C, LLC*, No. 19-21826-CIV-LENARD/O'SULLIVAN, 2019 WL 11769097, at *8 (S.D. Fla. June 25, 2019) (finding no irreparable injury to warrant an injunction enjoining a state court eviction order because Plaintiff failed to establish he was unable to find alternate housing or that his injury could not be compensated through monetary damages); *see also Cohen v. Monroe Cty.*, No. 15-10167-CIV-MARTINEZ-GOODMAN, 2018 WL 11476499, at *2 (S.D. Fla. Sep. 20, 2018) (finding no irreparable harm to warrant a stay of an injunction requiring plaintiffs to sell their home when they owned a second home).

may issue a preliminary injunction or a temporary restraining order only if the movant gives security."); *see also Cassidy v. Citrus Cty. Mosquito Control Dist.*, No. 5:25-cv-43-WFJ-PRL, 2025 WL 506686, at *2 (M.D. Fla. Feb. 14, 2025) (denying issuance of temporary restraining order in part because the plaintiff failed to address any amount of security to be held by the court); *Hickman v. Jordan*, No. 6:25-CV-159-PGB-DCI, 2025 WL 436765, at *3 (M.D. Fla. Feb. 7, 2025) (same).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)    Plaintiff's "Emergency Motion for Order to Show Cause, Temporary Restraining Order, Preliminary Injunction, and Stay of Eviction" (Doc. 4) is hereby **DENIED** to the extent Plaintiff requests a temporary restraining order, an order to show cause, and/or a stay of eviction without notice to Defendants and an opportunity for them to respond.

(2)    Ruling on the motion is otherwise **DEFERRED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of May, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE